DLD-171                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1016
_____

JASON BROWN,
                              Appellant

v.

PETE FILOPOULOS, Pete's Pizza
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-16-cv-06349)
District Judge:  Honorable Timothy J. Savage
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 23, 2017
Before:  CHAGARES, VANASKIE and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 2, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1

Appellant Jason Brown, proceeding pro se, appeals from the District Court's order dismissing his action sua sponte as frivolous for not meeting the requirements of Federal Rule of Civil Procedure 8(a). Because we conclude that this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; I.O.P. 10.6.[1]

Under Federal Rule of Civil Procedure 8(a), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Pursuant to that rule, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The District Court properly concluded that Brown's Complaint does not meet this standard. Rather, the Complaint contains only a one-sentence conclusory accusation regarding "peonage work ethics" and "forced labor" that is so vague that it does not suggest Brown is entitled to relief.[2]

Moreover, when a plaintiff proceeds in forma pauperis, the District Court must dismiss his complaint if it fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). When dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii), the standard is the same as under Fed. R. Civ. P. 12(b)(6) –

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We may summarily affirm a District Court's order if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

[2] We further note that, in addition to seeking monetary damages, Brown pursued a "criminal record expungement," which bears no rational relationship to his peonage accusation.

namely, where a complaint has not alleged sufficient facts to state a claim for relief that is "plausible on its face[,]" dismissal is appropriate. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Brown's Complaint is vague and implausible on its face.

Brown's argument in support of his appeal does not remediate his deficient Complaint. Rather, it is a jumbled amalgam of unsupported accusations against Appellee – the owner of a pizza shop for whom, apparently, Brown was once a delivery driver. Brown accuses Appellee of being a trade secret thief operating in "syndication." Next, Brown states that Appellee is a "traditional slave master" who "wants to be [a] god[]." Brown suggests that Appellee was involved in "dual-citizenship coercion," instituted a "religious environment" through Touchpoint computer software, and "programm[ed] the employees as far as enhancement for production." Brown contends that all of Appellee's "legacy systems" operate in unison as "scholarship" to "structure misrepresentation, fraud, incompetence, dissatisfaction, coercion, disrespect, fault, error, and discrimination." Brown asserts that the Appellee has a "nobility" that goes against "moral excellence." Finally, Brown appears to concede that his complaint was presented to the District Court "as rambling and unclear to only [sic] needing to be decoded." These arguments reinforce the failure of the Complaint to state any viable claim.

In addition, the District Court did not err in concluding that allowing Brown to amend his Complaint would be futile. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Brown's implausible allegations underscore that it would be pointless to allow

3

him to amend.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002).

For these reasons, we conclude that this appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's order dismissing Brown's complaint.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.  Brown's motion for a hearing is denied.